LUCAS HOIST & EQUIPMENT COMPA-
NY, a corporation, Plaintiff,

v.

EATON CORPORATION, Defendant.

Civ. A. No. 72–988.

United States District Court,
W. D. Pennsylvania.

Dec. 1, 1977.

Bernard J. McAuley, Pittsburgh, Pa., for plaintiff.

John G. Gent, Erie, Pa., for defendant.

*Memorandum Order*

WEBER, Chief Judge.

On July 1, 1976, a jury empanelled in the above-captioned case returned a verdict in favor of Plaintiff Lucas Hoist & Equipment Company in the total amount of $268,500, untrebled, which represented the damages caused to Plaintiff by territorial restrictions imposed upon it by the Defendant Eaton Corporation. The finding of liability had been based on instructions to the jury which followed the rule of *United States v. Arnold, Schwinn & Co.,* 388 U.S. 365, 87 S.Ct. 1856, 18 L.Ed.2d 1249 (1967), that territorial restrictions were *per se* violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and could not be justified by any economic considerations.

Following the verdict, Defendant Eaton filed a timely motion for judgment notwithstanding the verdict; no motion for a new trial was filed. During the period allowed for briefing of the issues raised by the Eaton motion, the United States Supreme Court, in *Continental TV, Inc. v. GTE Sylvania,* 433 U.S. 36, 97 S.Ct. 2549, 53 L.Ed.2d 568 (1977), overruled *Schwinn,* supra. It is, furthermore, clear that this ruling applies to all cases where the decision has not yet become final through the exhaustion of all appeals or appeal times. See the Court's order in *McClatchey Newspapers v. Nobel,* —— U.S. ——, 97 S.Ct. 2966, 53 L.Ed.2d 1088 (1977).

As the defendant points out, this court has no power to grant a new trial sua sponte unless there is already before it a timely motion for a new trial on other

grounds. See 6A Moore's Federal Practice ¶ 59.01[1] (1973 ed.); *Peterman v. Chicago Rock & Pacific Railroad Co.,*493 F.2d 88 (8th Cir. 1974), cert. denied, 417 U.S. 947, 94 S.Ct. 3072, 41 L.Ed.2d 667.

However, as the *Peterman* court also pointed out, a trial court does have the power under F.R.C.P. 50(b) to sustain a motion for judgment n.o.v. and *either* direct entry of judgment in favor of the moving party *or* grant a new trial. The anomalous situation of this case, where the law has so changed since the entry of the judgment in favor of Plaintiff that the award cannot be sustained under the now applicable rules as to burden of proof but where the time for the filing of a motion for the only appropriate relief—a new trial—has expired, demands that this court exercise its 50(b) discretion to sustain the motion for judgment n.o.v. and grant a new trial.

And now this 1st day of December, 1977, IT IS ORDERED THAT the Motion for Judgment Notwithstanding the Verdict is hereby GRANTED; no judgment in favor of the Defendant shall be entered, but rather a new trial is GRANTED.